## Case No. 5,345.

### GEORGETOWN v. CHEW.

[5 Cranch, C. C. 508.] [1]

Circuit Court, District of Columbia. Nov. Term, 1838.

MUNICIPAL CORPORATIONS—POWER TO RENT FISH WHARVES.

The corporation of Georgetown has power to rent fish wharves.

Debt [by the mayor, recorder, aldermen, and common council of Georgetown] upon a bond for $2,050, conditioned to pay to the plaintiff the sum of $1,025 for rent of certain fish wharves belonging to the corporation of Georgetown. After oyer of the condition the defendant [Samuel Chew] demurred to the declaration.

R. J. Brent, for defendant, contended that the corporation had no power to rent fish wharves; no such power is given them by their charter; and no corporation can exercise a power not expressly given or necessarily implied from some express power. Ang. & A. Corp. 145, 146.

But THE COURT (CRANCH, Chief Judge, not giving any opinion) instantly overruled the demurrer without hearing Mr. Dunlap, for plaintiffs.

---

GEORGETOWN (LENOX v.). See Case No. 8,245.

GEORGETOWN (NICHOLLS v.). See Case No. 10,228.

---

## Case No. 5,346.

### GEORGETOWN et al. v. PORTER et al.

[Hayw. & H. 139.] [2]

Circuit Court, District of Columbia. July 7, 1843.

BRIDGES—REPAIRS AND LOCATION OF DRAW.

The act of congress of March 3, 1841 [5 Stat. 426], putting the repairing of the bridge over the Potomac river between Washington city and Alexandria under the direction of the secretary of war, left it to the discretion of the said officer as to the position of the draw, and the court has no authority to control that discretion.

This was a suit brought by the complainants [the mayor, recorder, aldermen, and common council of Georgetown, and others] to enjoin the defendants [James M. Porter, secretary of war, and William Trumbull, corps topographical engineers] from proceeding further in constructing a draw-bridge. The complainants claimed they had a vested right and interest in the draw-bridge, the said draw to be constructed and formed by the defendants, that the bridge company from whom the United States purchased the bridge leading from Washington to Alexandria county, could not dispose of the right

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

the complainants had in the bridge, or to cause the free navigation of the Potomac river to be obstructed by placing the site of the draw where the defendants are placing it. That placing the piers of the draw-bridge where they would obstruct the channel of the river is a nuisance. That the constitution of the United States cannot legalize that which is liable to be peaceably abated by any citizen affected thereby; that it is the proper subject for a public prosecution against all persons continuing, aiding or abetting it, and for which every party sustaining a special damage therefrom has a private and adequate remedy at law or in chancery. The motion for an injunction was argued by the several counsel; after which the court made the following order: "This cause coming on to be heard on the bill and exhibits and a motion of the complainants thereon for an injunction, it is thereupon by the court this 17th day of June, 1843, ordered that: On the complainants, or some of them, filing an injunction bond in the usual form and penalty of $15,000, with security approved by the court or a judge thereof, an injunction do issue as prayed to restrain said defendants, their agents and servants, from the further prosecution of the work of the draw complained of or of any part of the bridge occupying the site of the former draw of the bridge, or that recommended by William B. Thompson, in his report filed as an exhibit in this cause, until the first Monday in July next, and until the further order of the court in this case. And that meanwhile the defendants may file their answers, and each party take testimony before any justice of the peace, on two days notice to any one of the opposite parties, to be read in evidence at the final hearing of the cause; and that said cause may be by either party set down for final hearing on bill, answer and testimony, at said first Monday in July."

The secretary of war, in his answer, after citing the following acts of congress: Of February 5, 1808 [2 Stat. 457], authorizing the incorporation of a bridge company; of the 14th of May, 1830 [4 Stat. 402], authorizing the corporation of Georgetown to form a draw-bridge across the Potomac river, and appropriating $6,000 for that purpose; of July 14, 1832 [Id. 582], authorizing the purchase of the bridge from the said company; of June 30, 1834 [Id. 727], authorizing the secretary of the treasury to contract for its reconstruction; of March 3, 1835 [Id. 773], amending the act of June 30, 1834; of June 7, 1836 [5 Stat. 132], authorizing the secretary of the treasury to repair the said bridge; of July 1, 1836 [Id. 134], authorizing the commissioner of public buildings to repair the said bridge; of March 3, 1841 [Id. 426], putting the repairing of the bridge under the direction of the secretary of war, and of September 11, 1841 [Id. 462], appropriating $15,806, to be expended under the direction